18821. MOBLEY, superintendent of banks, *v.* SASSER *et al.*
    18872. THE SAME *v.* BAKER *et al.*
    18873. THE SAME *v.* BAKER *et al.*
    18874. THE SAME *v.* SASSER *et al.*
    18875. THE SAME *v.* WITHAM *et al.*
    18876. THE SAME *v.* BAKER *et al.*
    18877. THE SAME *v.* KENDRICK *et al.*
    18878. THE SAME *v.* NILES *et al.*
    18879. THE SAME *v.* SASSER *et al.*
    18880. THE SAME *v.* RUSSELL *et al.*

DECIDED JULY 11, 1928. REHEARING DENIED JULY 31, 1928.

*O. A. Park, C. N. Davie, J. F. Kemp,* for plaintiff.

*Dorsey, Shelton & Dorsey, Sutherland & Tuttle, Hooper & Hooper, E. L. Forrester, Little, Powell, Smith & Goldstein, Kendrick Scott, C. D. Rivers, Earl Jackson, Reuben R. Arnold, Smith, Hammond & Smith, Smith & Millican, Boykin & Boykin, C. C. Minter, Hall, Grice & Bloch, Green & Michael, A. Sidney Camp, Hollis Fort, R. C. LeSueur, W. A. Fuller, Fleming & Fleming, C. W. Foy, Howell, Heyman & Bolding, Branch & Howard,* for defendants.

BLOODWORTH, J. (After stating the foregoing facts.) If any one of the several grounds of the general demurrers is good, the court did not err in sustaining the demurrer and dismissing the suit. Exercising our discretion we will discuss only two grounds of the demurrers.

First, that the right of action is not in the superintendent of banks, but is in creditors. It is apparent that each of these suits is based upon the provisions of section 2220 of the Civil Code of 1910. This section is not a legislative enactment, but a codification of the principle announced in *Burns* v. *Beck & Gregg Hdwe. Co.,* 83 *Ga.* 471 (6) (10 S. E. 121). See *Ham* v. *Robinson Co.,* 146 *Ga.* 442, 445 (91 S. E. 483); *Howard* v. *Long,* 142 *Ga.* 789, 791 (83 S. E. 852). This section was a part of our law long before the passage of the general banking act of 1919 (Ga. L. 1919, p. 135 et seq.), which was amended in 1925. Ga. L. 1925, p. 119 et seq. Section 2220 provided for liability, in certain contingencies, in favor of creditors. *Hill* v. *Jackson Stores,* 137 *Ga.* 174 (73 S. E. 13); *Rosenheim Shoe Co.* v. *Horne,* 10 *Ga. App.* 582 (2) (73 S. E. 953). Prior to the banking act of 1919 the Supreme Court

had definitely decided that "the liability imposed by this code section (2220) is to the creditors directly, and is not an asset of the corporation which can be collected and administered by a receiver of the corporation" (*Rigbers* v. *Hathcock,* 138 *Ga.* 120, 121, 74 S. E. 782) ; and that "the remedy is in equity by a petition brought at the instance of one or more creditors and in behalf of all other creditors who may come in and be made parties plaintiff to the action." *Hill* v. *Jackson Stores,* supra. This liability could not be enforced by a receiver of the bank (*Wells* v. *DuBose,* 140 *Ga.* 187, 78 S. E. 767; *Rigbers* v. *Hatchcock,* supra), nor by a trustee in bankruptcy. *Rosenheim Shoe Co.* v. *Horne,* 10 *Ga. App.* 582 (2) (73 S. E. 953). The superintendent of banks of the State of Georgia is a statutory receiver. *Bennett* v. *Green,* 156 *Ga.* 572, 578 (119 S. E. 620). As such statutory receiver he has no authority except that conferred on him by statute. Under the foregoing rulings the superintendent of banks would have no authority to bring these suits. Has section 2220 been repealed, amended, or modified by direct legislation? If so, we can not find it. Then as this section gives the superintendent of banks no authority to bring these suits, where does he get his authority? Does the banking act of 1919 give it to him? In no section of that act can we find such authority. However, counsel for the plaintiff in error insist that certain sections of that act do give him this authority, and especially that the amendment of August 21, 1922, which added a new section to the general banking act known as section 7 *a* (Ga. L. 1922, p. 65), empowers the superintendent of banks to bring these suits. We can not agree with this contention. This section does not give to the superintendent of banks, as contended by counsel for plaintiff in error, any authority to prosecute any cause of action which is vested by law in the bank or in its stockholders or the creditors thereof. That section is "in terms confined to such matters as relate to the assets of the bank as such, debts and liabilities due to the bank in its corporate capacity." *Hines* v. *Wilson,* 164 *Ga.* 888 (2) (139 S. E. 802). The liability sought to be enforced by these suits is neither an asset of the bank nor a liability due the bank in its corporate capacity. So we find no authority whatever for the superintendent of banks to bring these suits.

Second, was the right of action in each of these cases barred by the statute of limitations? Yes. The petition in each case con-

tains substantially the following allegations: "6. That at the time said bank was organized, same was illegally done, in that the law required the bank to have a minimum capital stock of twenty-five thousand ($25,000.00) dollars, with at least fifteen thousand ($15,000.00) dollars paid in, and ten thousand ($10,000.00) dollars of bona fide subscriptions. 7. That only the sum of fifteen thousand ($15,000.00) dollars was paid in for the capital stock and no bona fide subscriptions over and above the same were had or obtained by the same bank. 9. That said defendants published and caused to be published advertisement, and represented to the Secretary of State that twenty-five thousand ($25,000.00) dollars in bona fide subscriptions had been made, all of which was a fraud upon the rights of the creditors whom the petitioner represents." When was this fraud perpetrated? Under the foregoing allegations it could not have been subsequent to the grant of the charter in each case. Not one of the charters of the banks involved was granted less than eight years ago. But counsel for the plaintiff in error urge that section 4360 of the Civil Code of 1910, which provides that "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues," is authority for bringing such suits within twenty years after the right of action accrues. We can not agree with this contention. That this section is not applicable to the cases under consideration is shown by the decision of Judge Sibley and the Georgia cases he cites in Anderson v. Anderson, 23 Fed (2d) 331. Counsel for the plaintiff in error insist also that the right of action in each case did not arise until the closing of the bank. The basis of these actions is alleged fraud at the time the bank was organized. The right of bringing an action for such a fraud could not be postponed until the bank was closed. Whether each of these suits be designated as an action on an implied warranty, as insisted by some of the counsel for the defendant in error, or as an action for deceit, as suggested by others, such a suit is barred after four years from the time the right of action accrues. The court therefore properly sustained this ground of demurrer.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*