## 21353. RUCKER v. MOBLEY, superintendent of banks, for use, etc.

Decided February 16, 1932.

*Robert L. Russell,* for persons at interest.

*Joseph G. Collins,* contra.

Luke, J.   The State Banking Company, in liquidation, by A. B. Mobley, superintendent of banks, for itself, for the use of Chase National Bank of New York, and for the use of the Citizens and Southern National Bank of Atlanta, brought suit in behalf of petitioners and all other creditors of Jobbers Manufacturing Company that might become parties plaintiff, against Jobbers Manufacturing Company, C. L. Bailey, W. N. Bailey, I. R. Banks, W. A. Rucker, A. Y. Eavenson, and R. L. Eavenson, and alleged that on the 22d of January, 1923, defendants organized said Jobbers Manufacturing Company, a corporation, whose charter was granted with a minimum capital stock of $50,000; that only $19,000 of the capital stock has been subscribed for, and $31,000 of the minimum capital stock has never been subscribed for; that said corporation organized and transacted business under its corporate name before the minimum capital stock had been subscribed for, and by so doing "misled and defrauded petitioners and other creditors and injured petitioners and others the full amount of $31,000, with interest thereon, for which defendants are jointly and severally liable by § 2220 of the Code, and for which this suit is brought;" and "the time when petitioners and other creditors were misled, deceived, defrauded, and injured by the defendants" was the time when defendants transacted business in the name of the company and created and incurred the debts sued for, which was within four years before this suit was filed; that defendants are jointly and severally liable to petitioners for certain specified sums borrowed from State Banking Company; that said State Banking Company has failed and is in charge of Mobley, superintendent of banks;

that Jobbers Manufacturing Company is insolvent and has been adjudicated a bankrupt; and the prayer of the petition is that process issue; that second originals be served; that defendants be restrained and enjoined from encumbering or disposing of .their property until petitioners and other creditors of defendant company are paid; that petitioners have judgment against defendants jointly and severally for $31,000 balance of minimum capital stock; and "that petitioners have such other and further relief as the facts in equity entitle them to." During the trial of the case "plaintiffs abandoned all injunctive relief set out in the petition." W. A. Rucker, one of the defendants and now plaintiff in error, filed a general demurrer to said action. Plaintiffs tendered an amendment which had attached to it as an exhibit a copy of the charter of the Jobbers Manufacturing Company, which was allowed without objection, and also an amendment striking one of the plaintiffs as usee, and alleging the time the debts sued on were incurred; that they were within four years before filing of the suit; and that the plaintiffs never knew or had notice that the minimum capital stock of defendant company had not been subscribed until after all of said debts were created and until after the bankruptcy of the defendant company in 1930. Defendant Rucker excepted to and assigns error on the allowance of this last amendment. The court overruled Rucker's demurrer to the amended petition, and on this ruling he assigns error in his bill of exceptions.

■ Defendants in error move that the writ of error be transferred to the Supreme Court on the ground that the case is one in equity and not within the jurisdiction of this court. This motion is denied. "It is well settled in this State, that, in determining the question whether a case is one in law or in equity, the nature of the relief sought rather than the form of the allegations of the complaint, is important. So while some of the allegations of the petition are appropriate to a proceeding in equity, the general scope and only prayer thereof [the injunctive relief sought being abandoned] seek legal relief." *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844). Under the rulings in *Elberton & Eastern Railroad Co.* v. *Green,* 167 *Ga.* 891 (147 S. E. 65), and *Hunter* v. *Moss,* 169 *Ga.* 100 (149 S. E. 705), the suit is not one in equity, and this court has jurisdiction of the writ of error.

■ Only one ground of the demurrer need be discussed, viz., that

the action is barred by the statute of limitations. Defendants in error contend that the statute began to run from the creation of the debt, which is within four years before the filing of the suit. Plaintiff in error contends that the statute began to run when the fraud was perpetrated, which was at the time of the organization of the defendant corporation, and which was more than seven years prior to the filing of the suit. It will be noted that the petition alleges that the defendants, by "organizing and transacting business before the minimum capital stock of said company was subscribed, *misled* and *defrauded* petitioners and other creditors;" and repeats the allegation of fraud and deceit in a later paragraph by alleging that "petitioners and other creditors were misled, deceived, defrauded, and injured by the defendants by the acts aforesaid." It will thus appear that plaintiff's action was based on fraud and deceit. We have carefully reviewed the decisions of the Supreme Court bearing on the issue here involved, and while we find no decision of that court directly in point, we do find that the gist of its holdings is that the organization and commencement of business of a corporation when the minimum capital stock has not been subscribed is a misrepresentation and a lure to outsiders to extend credit upon the idea that solvent subscribers of the capital stock would be liable for payment; and that such conduct is fraud and deceit. The natural implication is that the statute would begin to run at the time the fraud and deceit were perpetrated, viz., when the corporation was organized and began business and held out to the world that it had capital stock which it did not have. It was upon this idea that the Court of Appeals based its decision in *Mobley* v. *Sasser, 38 Ga. App.* 382 (144 S. E. 151), which is controlling authority for the case now under consideration. In that case, as in this one, it was alleged that the persons named as defendants organized the corporations and transacted business in the name of the corporations before the minimum capital stock was subscribed; that such organization was illegal, and that transacting business under such illegal organization was a fraud upon creditors; and that the organizers were jointly and severally liable for the difference between the subscribed capital and the minimum capital stock. One ground of demurrer was that the action was barred by the statute of limitations. In that case this court held that the action in each case was barred by the statute of limita-

tions, and in the opinion said (p. 385) : "When was this fraud perpetrated? Under the foregoing allegations it could not have been subsequent to the grant of the charter in each case. Not one of the charters of the banks involved was granted less than eight years ago. . . The basis of these actions is alleged fraud at the time the bank was *organized.*. The right of bringing an action for such a fraud could not be postponed until the bank was closed. Whether each of these suits be designated as an action on an implied warranty, as insisted by some of the counsel for defendant in error, or as an action for deceit, as suggested by others, such a suit is barred after four years from the time the right of action accrues." The right of the plaintiffs is not preserved by the allegation that they did not know that the minimum capital stock of the defendant company had not been subscribed; because only fraud involving moral turpitude will relieve the bar of the statute of limitations. *Austin* v. *Raiford,* 68 *Ga.* 201 (3-a) ; *Anderson* v. *Foster,* 112 *Ga.* 270 (37 S. E. 426). In *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932), the 3d headnote is as follows : "Where an action is brought to recover damages alleged to have resulted to the plaintiff in consequence of the perpetration of a fraud charged to have been practiced upon him by the defendant, the cause of action, as stated in the declaration, being apparently barred by the statute of limitations, and it is sought to relieve such action·of the bar of the statute by alleging that it was brought within the statutory period after the discovery of the fraud, if it does not appear from the petition that the plaintiff used proper diligence to discover the fraud, the petition should be dismissed upon appropriate demurrer thereto."

It appearing from the petition that the basis of plaintiff's action is defendant's fraud and deceit relative to the amount of capital stock of the defendant corporation, and that the alleged false representation as to defendant's capital stock was made at the time of the organization of the defendant corporation, more than seven years prior to the filing of the suit in the instant case, and there being no allegation that plaintiffs exercised any diligence to ascertain the amount of capital stock of the defendant corporation, the action was barred by the statute of limitations, and the court erred in overruling the demurrer to the petition.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*