RUCKER v. MOBLEY, superintendent of banks, for use, etc.

No. 9504. FEBRUARY 20, 1934.

*J. B. Jones* and *Tutt & Brown,* for plaintiff in error. *Robert L. Russell,* for persons at interest, not parties.

*Joseph G. Collins* and *Boyd Sloan, assistant attorney-general,* contra.

HUTCHESON, J. A. B. Mobley, superintendent of banks, in charge of the affairs of the State Banking Company, in liquidation, for itself, for the use of Chase National Bank of New York and of the Citizens & Southern National Bank of Atlanta, brought suit in behalf of petitioners and all other creditors of Jobbers Manufacturing Company that desired to become parties plaintiff, against Jobbers Manufacting Company, C. L. Bailey, W. N. Bailey, I. R. Banks,

W. A. Rucker, A. Y. Eavenson, and R. L. Eavenson, alleging, in substance, that the defendant company was organized and chartered with a minimum capital stock of $50,000; that only $19,000 of the capital stock had been subscribed for, and $31,000 of the minimum capital stock had never been subscribed for; that the corporation organized and transacted business under its corporate name before the minimum capital stock had been subscribed for, and by so doing "misled and defrauded petitioners and other creditors and injured petitioners and others the full amount of $31,000, with interest thereon, for which defendants are jointly and severally liable by Civil Code (1910), § 2220, and for which this suit is brought;" and "the time when petitioners and other creditors were misled, deceived, defrauded, and injured by the defendants" was the time when defendants transacted business in the name of the company and created and incurred the debts sued for, which was within four years before this suit was filed; that defendants are jointly and severally liable to petitioners for certain specified sums borrowed from State Banking Company; that State Banking Company has failed and is in charge of Mobley, superintendent of banks; that Jobbers Manufacturing Company is insolvent and has been adjudicated a bankrupt. It was prayed that defendants be enjoined from encumbering or disposing of their property until petitioners and other creditors of defendant company are paid; that petitioners have judgment against defendants jointly and severally for $31,000 balance of minimum capital stock; and for general relief. The prayer for injunctive relief was abandoned. W. A. Rucker filed a general demurrer to the petition. By amendment plaintiffs attached as an exhibit a copy of the charter of the defendant company, struck the name of one of the usees, and alleged that the debts sued on were incurred within four years before the filing of the suit; and that the plaintiffs never knew or had notice that the minimum capital stock had not been subscribed until after all of said debts were created and until after the bankruptcy of the defendant company in 1930. The court overruled Rucker's demurrer, and he excepted. The question to be determined in this case is whether the claims sued on were barred by the statute of limitations. The Jobbers Manufacturing Company was chartered in 1923, the claims sued on were created in 1927, and the suit was brought in 1930. The plaintiffs contended that the statute began to run from the creation of

the debt, which was within four years before the filing of the suit. Rucker contended that the statute began to run when the fraud was perpetrated, which was at the time of the organization of the defendant corporation, and which was more than seven years prior to the filing of the suit.

. ■ No cause of action arose in favor of the bank represented by the superintendent under the Civil Code (1910), § 2220, before the persons who organized the company transacted business in its name with the bank, and the statute of limitations did not apply until such cause of action accrued. It appearing from the allegations that the debt in favor of the bank was created within four years before the commencement of the suit, the action was not barred by the statute of limitations. *Smith* v. *Citizens & Southern Bank,* 148 *Ga.* 764 (98 S. E. 466); *Athens Apartment Corporation* v. *Hill,* 156 *Ga.* 437 (2) (119 S. E. 631); *Crandall* v. *Shepard,* 166 *Ga.* 396 (143 S. E. 587); *Banks* v. *Howard,* 117 *Ga.* 94 (2) (43 S. E. 438); *Linder* v. *Rowland,* 122 *Ga.* 425 (50 S. E. 124); *Crawford* v. *Crawford,* 134 *Ga.* 114 (2) (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932); *Harris* v. *Neil,* 144 *Ga.* 519 (87 S. E. 661). The present case is distinguished from *Mobley* v. *Sasser,* 38 *Ga. App.* 382 (144 S. E. 151). So far as appears from the report of that case, the basis of the action was "fraud at the time the bank was organized," and there was nothing to show that the debts were created within the period of limitation.

■ The petition stated a cause of action, and was not subject to demurrer on any ground taken. The judgment of the trial court was in accordance with this ruling, and was not erroneous.

*Judgment affirmed. All the Justices concur.*