## WILLIAMS *et al. v.* CLEMONS *et al.*

*Jones, Johnston, Russell & Sparks,* for plaintiffs.

*Miller & Lowrey,* for defendants.

Beck, P. J. On April 18, 1932, S. C. Clemons and others, alleging themselves to be creditors of the Liberty Savings & Real Estate Corporation, filed their petition against A. H. Hendricks and others, alleging that pursuant to a charter granted by the superior court of Bibb County on May 12, 1919, Hendricks and others as incorporators organized and transacted business in the name of the Liberty Savings & Real Estate Corporation, before the minimum capital stock as fixed by the charter had been subscribed for, and had thereby, under the Code, § 2220, become liable to creditors to make good the minimum capital stock with interest.

Defendants, F. W. Williams, T. R. Epps, Henry Wynn, and the administrator of the estate of R. E. Hartley, demurred generally and specially. One ground of the demurrer is that not all of the incorporators were joined as parties defendant. Other grounds were that it appears from the face of the petition that the cause of action is barred by the statute of limitations, twelve years having expired between the time of the organization of the corporation and the date of the filing of the petition. The demurrer was overruled, and the defendants excepted.

■ The ground of demurrer pointing out that not all of the incorporators were joined as parties defendant was met by amendment.

■ Under the decision in the case of *John V. Farwell Co.* v. *Jackson Stores,* 137 *Ga.* 174 (supra), this case was properly brought in equity.

■ We are of the opinion that the court did not err in overruling the ground of demurrer based on the statute of limitations. We do not base this ruling on the Civil Code (1910), § 4360, which provides that "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues;" for we do not think that the right of action of the plaintiffs accrued under the statute (Code, § 2220) which declares that

"Persons who organize a company and transact business in its name before the minimum capital stock has been subscribed for are liable to creditors to make good the minimum capital stock with interest." Consequently the twenty-year limitation prescribed in that statute has reference only to rights which arise under legislative enactment, and which would not exist except for some act of the legislature. Section 2220 is merely a codification of a legal principle decided in *Burns* v. *Beck & Gregg Hardware Co.*, 83 *Ga.* 471 (10 S. E. 121). It was law before that decision, and gave to creditors of a corporation, organized as it is alleged the corporation in question was organized, the rights insisted on here. In *Harris* v. *Smith*, 68 *Ga.* 461, this court, discussing the application of § 4360, said: "Looking at the act and the judicial decisions of the times, it would seem that these words were intended to apply to such rights as arise in connection with . . the very words of the statutes or acts of incorporation." In an opinion rendered by Judge Sibley in Anderson *v.* Anderson, 23 Fed. (2d) 331, it was said: "That applies to cases in which there is a special liability created by a special charter or statute, as instanced in numerous cases in the early Georgia reports. The distinction to be observed is pointed out in *Savannah Canal Co.* v. *Shuman*, 98 *Ga.* 171, 25 S. E. 415, and *Bigby* v. *Douglas*, 123 *Ga.* 635, 51 S. E. 606." And we think this states the correct principle. Counsel for defendants in error quote at length from the decision in *John V. Farwell Co.* v. *Jackson Stores*, supra. In so far as that decision lays down a rule as to the statute of limitations, what was said was obiter dictum. The statute of limitations in cases like this was not involved in the case just referred to. But we do apply a part of the decision in that case and the rulings there made. It was held: "Persons who organize a company and transact business in its name before the minimum capital stock has been subscribed for, but who afterwards sell and transfer their stock and interest in the company, are nevertheless subject to the liability prescribed by the statute (Civil Code, § 2220), for the satisfaction of debts subsequently contracted by the corporation. See *Walters* v. *Porter*, 3 *Ga. App.* 73 (3) (59 S. E. 452). The capital stock of a corporation is deemed a trust fund for the payment of its debts. See *Fitzpatrick* v. *McGregor*, 133 *Ga.* 332, and cases cited on page 342 (65 S. E. 859, 25 L. R. A. (N. S.) 50). The requirement of the statute, that the minimum capital

stock of a corporation shall be subscribed for before the organizers thereof shall transact business in its name, is obviously for the purpose of creating a fund, when the subscriptions to the amount of the minimum capital stock shall have been paid, for the ultimate benefit of those who may extend credit to the corporation; and such persons have the right to presume that the statute has been complied with and to rely, if necessary, upon the statutory liability of those failing to observe the law. Organizers of a company who transact business in its name before the minimum capital stock has been subscribed for are considered as committing a fraud upon those who may extend credit to the company, and the statute imposes a liability upon them for engaging in such fraudulent transaction, and they should not be allowed to escape the statutory penalty for such fraud by disposing of their stock." And we call special attention to this part of that which is quoted: "such persons [that is, persons who have extended credit to the corporation] have the right to presume that the statute has been complied with and to rely, if necessary, upon the statutory liability of those failing to observe the law." These plaintiffs had the right to presume that the statute in question here had been complied with; and as to an action for the fraud which had been perpetrated upon them, if the allegations of the petition are true, the statute of limitations did not begin to run until the plaintiffs had knowledge that the minimum capital stock of the corporation had not been subscribed for before the organizers thereof began to transact business in the name of the corporation. In the petition it is expressly alleged that "plaintiffs discovered that the minimum capital stock, $25,000, was never subscribed for; that they discovered since the corporation ceased to do business that of the capital stock of said corporation only the sum of $9270 was actually subscribed for by the defendants and the said R. E. Hartley and their associates." And it was further alleged that plaintiffs "became creditors of said corporation without any knowledge that the minimum capital stock of said corporation as set out in its application for charter had not been subscribed for by the said defendants and the said Hartley and their associates." Also that the plaintiffs "assumed that the minimum capital stock of said corporation had not only been subscribed for, but had been paid in to said corporation when they became creditors thereof." In *Athens Apartment Corporation* v. *Hill*, 156 *Ga.*

437 (119 S. E. 631), it was said: "If, at the time credit was extended, the creditor knew that the requisite amount of capital stock had not been subscribed, he would not have been misled, and as to him the subscribers to the stock would not be estopped from pleading such knowledge as a defense to a suit brought under this section [2220] of the Code." It will be seen from what is said above that we do not concur in the rulings made by the Court of Appeals in *Mobley* v. *Sasser*, 38 *Ga. App.* 382 (144 S. E. 151), and *Rucker* v. *Mobley*, 44 *Ga. App.* 705 (162 S. E. 851), touching the statute of limitations. It follows that the court did not err in overruling the demurrer based upon the statute of limitations.

*Judgment affirmed. All the Justices concur.*