60479. HERRON v. MIXON.

SOGNIER, Judge.
Mixon is an attorney who was appointed by the Superior Court of Columbia County to represent Herron in a criminal case. Herron pled guilty to motor vehicle theft, and after a hearing to determine if the plea was entered knowingly, freely and voluntarily, and that Herron was in fact guilty, the plea of guilty was accepted. Thereafter Herron, acting pro se, filed this civil action against Mixon for alleged

negligence in representing Herron at his trial. In essence, Herron alleged that his constitutional rights were violated by personnel and conditions at the Columbia County jail, and because Mixon would do nothing about such conditions, Herron was forced to plead guilty to escape such conditions. Mixon filed a motion to dismiss the complaint because it did not state a cause of action, and also filed a motion for summary judgment. After a hearing, Mixon's motion for summary judgment was granted and the suit was dismissed with prejudice.

On appeal, Herron contends the trial court erred (1) by granting Mixon's motion for summary judgment as genuine issues of fact existed; (2) by failing to hold an evidentiary hearing on appellee's motion for summary judgment; and (3) by not addressing the question as to whether Mixon had the responsibility, as defense counsel, to safeguard Herron's constitutional rights while in pretrial confinement. As the record shows that the required hearing was held on the motion for summary judgment, Enumeration 2 is without merit.

1. Appellant's complaint and supporting affidavit sets forth legal conclusions, i.e., that Mixon was negligent; that Mixon coerced Herron's plea of guilty; and that Mixon was incompetent and his inadequate representation resulted in unjust imprisonment.

Mixon's affidavit in connection with his motion for summary judgment included an exhibit, signed by Herron, which showed that Herron understood all of his rights in connection with his plea of guilty; that his plea was entered knowingly, freely and voluntarily; and that after explanation of all of his constitutional rights he was satisfied with his lawyer. Additionally, Mixon's affidavit stated that he never had exercised any control over and never had been responsible in any way for the condition of the Columbia County jail. Herron filed no affidavit in response to Mixon's affidavit. At the time Herron filed his complaint he belatedly filed an affidavit contraverting the matters set forth in Mixon's affidavit. We will consider the entire record including the late affidavit as Herron is appealing pro se.

An examination of appellant's affidavit reveals conclusions, rather than facts; i.e., that "due to the inadequacy of the representation" [by Mixon] and "due to an unjust imprisonment" appellant has suffered mental and physical agony and residual harm at the hands of the personnel of the Columbia County Jail . . . directly because John L. Mixon III refused to intercede on my behalf in court." Appellant's affidavit "is a conclusion as to what other persons did, and is therefore not sufficient as proof under the provisions of Code Ann. § 81A-156 (e) which requires that affidavits in motions for

summary judgment be based on personal knowledge . . . Obviously . . . this witness could not have testified as to what other persons than himself did or did not do. [Cits.]" *Textile Prod. Inc. v. Fitts Cotton Goods, Inc.,* 124 Ga. App. 421, 422-423 (184 SE2d 14) (1971). Appellant's conclusions are not admissible and cannot be considered. Accordingly, the affidavit did not set forth specific facts showing that there were genuine issues for trial.

We also note that appellant contends Mixon was responsible for his confinement. However, appellant, as a result of another offense, was serving seven years confinement therefor. Mixon did not represent appellant in that proceeding and therefore was not responsible for his confinement pending trial in the instant case. Hence, the trial court did not err in granting summary judgment.

2. The question as to whether a criminal defendant's attorney has the responsibility to protect his client's constitutional rights during pretrial confinement was not raised by the pleadings in this case. Any remedy Herron might have would be against the person or persons responsible for conditions in the Columbia County jail, not against appellee. Hence, the trial court had no duty to consider such a question.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 27, 1981.

Vicel A. Herron, *pro se.*
John L. Mixon III, for appellee.