**Ernie H. McMILLIAN,**
**Plaintiff-Appellant,**

v.

**CITY OF ROCKMART, Buddy Cagle and**
**Lee Hayes, Defendants-Appellees.**

No. 81–7054
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 6, 1981.

Marson G. Dunaway, Jr., Rockmart, Ga., for plaintiff-appellant.

C. Stephen Malone, Rockmart, Ga., for City of Rockmart and Cagle.

Wayne W. Gammon, Cedartown, Ga., for Hayes.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Ernie McMillian, appellant, appeals the order of the district court granting summary judgment in favor of the City of Rockmart and two city police officers, appellees, on the basis that appellant's action brought under 42 U.S.C. § 1983 was barred by the applicable statute of limitations. Because we find that the district court properly applied Georgia's two-year period of limitations applicable to personal injuries, we affirm the district court.

### FACTS

Rockmart police officers arrested Ernie McMillian on July 9, 1977, and charged him with violations of city ordinances. The recorder's court, a municipal court established by the city charter, found McMillian guilty and imposed upon him alternatively a $100 fine or thirty days confinement. Following the trial, in response to McMillian's charges of irregularities surrounding his arrest, the mayor and city council of Rockmart investigated the actions of the arresting officers and took disciplinary action against them. McMillian appealed the decision of the recorder's court to the Superior Court of Polk

County, Georgia, pursuant to a provision in the Rockmart City charter. The superior court granted the City's motion to dismiss McMillian's appeal on the ground that appeal is an improper method of review of decisions of the recorder's court, despite the provisions contained in the Rockmart City charter. The Supreme Court of Georgia upheld this decision. McMillian then filed a civil action pursuant to 42 U.S.C. § 1983 in the federal district court alleging irregularities surrounding his arrest. This action was filed on July 12, 1979, two years and three days after McMillian's arrest. The district court granted the City's motion for summary judgment on the ground that McMillian's action was barred by Georgia's two-year period of limitations on actions for injuries to the person. This appeal followed.

McMillian contends that the district court applied the wrong period of limitations, and that Georgia's twenty-year period of limitations covering suits for the enforcement of rights accruing to individuals under statutes or by operation of law should apply here. McMillian also contends that even if the district court properly applied the two-year statute of limitations, the court erred in rejecting his contention that the City engaged in a continuing course of conduct against him. Thus, the period of limitations began to run with each subsequent act on the part of the City and so was not tolled at the time McMillian filed this action. McMillian bases this contention on the fact that he was prosecuted in the recorder's court on charges stemming from his arrest, as well as the fact that the City appeared in the Superior Court and the Supreme Court of Georgia opposing his attempts to appeal the decision of the recorder's court. Additionally, McMillian contends that the district court violated Rule 56(c), Federal Rules of Civil Procedure, in granting a mo-

tion for summary judgment without a hearing and without notifying the parties that the court would make a final determination of the case.

## ISSUES

We must determine (1) which period of limitations should be applied to this action brought in the State of Georgia pursuant to 42 U.S.C. § 1983; (2) if the two-year period of limitations applies, whether the district court erred in finding no continuing course of conduct against the appellant; and (3) whether the district court abused its discretion in granting summary judgment in favor of the appellees.

## STATUTE OF LIMITATIONS

It is well established that when Congress has provided no period of limitation, as here for a claim under 42 U.S.C. § 1983, the federal court must use the applicable statute of limitations from the state in which it sits. *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). This borrowing is a two-step process. The court must first determine the essential nature of the federal claim before it, and then look to state law in order to determine which state statute is applicable to claims similar to the one before the court. *McGuire v. Baker*, 421 F.2d 895 (5th Cir. 1970), *cert. denied*, 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1971). Georgia law provides a two-year limitations period for "actions for injuries to the person." Ga.Code Ann. § 3–1004.[1] The Fifth Circuit has applied this statute to actions brought under 42 U.S.C. § 1983. *Wooten v. Sanders*, 572 F.2d 500 (5th Cir. 1978).

McMillian contends that the twenty-year limitations period prescribed in the first portion of Ga.Code Ann. § 3–704[2] is

1. Ga.Code Ann. § 3–1004 reads:
    Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year, and except actions for injuries to the person involving loss of consortium shall be brought within four years after the right of

action accrues: Provided, however, no such action on which the statute has expired prior to the effective date of this section shall be revived by this section.

2. Ga.Code Ann. § 3–704 reads:
    All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall

applicable to all claims brought under 42 U.S.C. § 1983. The Georgia statute provides that "[a]ll suits for the enforcement of rights accruing to individuals under statutes ... shall be brought within twenty years after the right of action shall have accrued." McMillian contends that this twenty-year limitation period is applicable because his action is based on a federal statute. The Fifth Circuit, however, has held that this statute applies only to rights of action given to individuals by special legislative acts, and not to rights of action accruing to members of the public from general statutes. *Hendryx v. E. C. Atkins & Co.*, 79 F.2d 508 (5th Cir. 1965). Further, Georgia courts have stated that this section applies only to rights which arise under legislative enactment and which would not exist except for some act of the legislature, and that it does not apply to suits to enforce liability under a particular statute which merely codifies a legal principle previously recognized. *Williams v. Clemons*, 178 Ga. 619, 173 S.E. 718 (1934). The United States Supreme Court has ruled that 42 U.S.C. § 1983 does not create any substantive rights. Rather, it creates only remedies for the violation of certain fundamental rights derived from the Constitution and subsequently created federal statutory rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Because 42 U.S.C. § 1983 does not fall within the Georgia statutory language providing for enforcement of rights accruing under statutes, then, the district court was correct in applying Georgia's two-year period of limitations covering actions based on personal injury.

## CONTINUING COURSE OF CONDUCT

McMillian contends that the City engaged in a continuing course of conduct in his prosecution in the recorder's court and in the course of McMillian's unsuccessful attempts to appeal the decision of the recorder's court. There is no indication that the City has any authority or right of review over the decisions of the recorder's court, either as to which cases will be prosecuted or as to the final determination of the issue before the court. Although the governing authority of the City of Rockmart appoints the judge of the recorder's court, that governing authority has no right to review the decisions of the court. Review of the recorder's court decision lies in the superior court by writ of certiorari. Ga.Code Ann. § 19–101; Ga.Code Ann. § 24–2615(4). The city charter, however, states that review is by appeal.

McMillian points to the fact that the city attorney, as prosecuting officer, knew of the factual situation surrounding McMillian's arrest and did not attempt to prohibit the recorder's court from processing the action against the plaintiff. Both the prosecuting officer and the judge of the recorder's court have absolute immunity for their official acts, *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), however, and these acts cannot be imputed to the City of Rockmart because they were not the result of any formal or informal city policy, encouragement or custom, but were isolated acts by individual officials.

The City appeared as a party in McMillian's unsuccessful attempt to obtain review of the recorder's court decision by appeal rather than certiorari and pointed out that he had pursued the wrong remedy. McMillian contends that this appearance, coupled with the provision in the city charter upon which he relied in seeking to appeal the recorder's court decision, represented a continuing course of wrongful conduct against him that began with his arrest.

be brought within 20 years after the right of action shall have accrued: Provided, however, that all suits for the recovery of wages, overtime or damages and penalties accruing under laws respecting the payment of wages and overtime, prior to March 20, 1943, shall be brought within two years from such date; and that all such suits for the recovery of wages, overtime or damages and penalties accruing under laws respecting the payment of wages and overtime, subsequent to March 20, 1943, shall be brought within two years after the right of action shall have accrued.

The City, however, neither makes nor can make any guarantee that its charter is in full compliance with the state constitution, and in its court appearance the City was simply responding to McMillian's pleadings as allowed by law. There was nothing wrongful in any of this; indeed, counsel for the city, as officers of the court, were obligated to point out the invalidity of the appeal provisions in the charter.

In summary, there was no continuing course of wrongful conduct. The constitutional violations, if any, were complete July 9, 1977, the date of McMillian's arrest. The period of limitations began to run at that time and was not tolled by any conduct of defendants alleged by plaintiff. Because Georgia's two-year period of limitations contained in Ga.Code Ann. § 3–1004 applies to this situation, McMillian's complaint filed on July 12, 1979, was properly dismissed as barred by the statute of limitations.

### SUMMARY JUDGMENT

■ McMillian next contends that the district court erred in treating the City's "Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment" as a motion for summary judgment, and in granting the motion without an oral hearing. Although McMillian bases his argument on Rule 56(c), Federal Rules of Civil Procedure, nothing in that rule requires that an oral hearing be held on a motion for summary judgment. Rule 78, Federal Rules of Civil Procedure, provides that in order to expedite its business, the court may provide by local rule for the submission and determination of motions without oral hearing. The district court found that Local Rule 91.3 of the Northern District of Georgia provides that all motions may be decided by the court without oral hearing unless otherwise directed by the court. Therefore, unless requested by motion, oral argument is not required under the local rules of the district court. There is no indication that McMillian ever requested oral argument on the motion for summary judgment.

■ McMillian also contends that he did not have proper notification that the court intended to treat the City's motion as a motion for summary judgment. The district court noted that in McMillian's "Brief in Opposition to Defendant's Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment," filed several months before the district court's final order, McMillian stated, "[s]ince defendants have filed affidavits in support of their alternative motion, we shall consider that the matter is before the court on motions for summary judgment." Attached to that brief were affidavits and exhibits in opposition to the City's motion. We find that McMillian did not request oral hearing on the City's motion for summary judgment, and that the district court was not required by the Federal Rules of Civil Procedure to hold an oral hearing.

### CONCLUSION

We find that the district court was correct in applying Georgia's two-year period of limitations to this action brought under 42 U.S.C. § 1983 for personal injuries, that the City did not engage in a continuing course of conduct violating McMillian's constitutional rights, and that the district court did not err in granting summary judgment for the City. We affirm the decision of the district court.

AFFIRMED.