## 65204. JOHNSON v. BUTCHER.

CARLEY, Judge.

Appellant-plaintiff appeals from the grant of summary judgment in favor of appellee-defendant in this legal malpractice case. The gist of appellant's complaint was that his current status as a convicted felon is the result of appellee's ineffective and negligent legal representation. The relevant facts are as follows: Appellant entered pleas of guilty to seven felony counts and one misdemeanor count of violating the Georgia Controlled Substances Act, one count of carrying a weapon without a license and one count of carrying a concealed weapon. Pursuant to an agreement negotiated by appellee with the prosecutor, appellant received concurrent sentences, the longest of which was for 10 years.

In support of his motion for summary judgment in the instant civil case, appellee introduced a copy of a document, signed by appellant on the day his pleas of guilty were accepted, which evidenced that appellant understood all of his rights in connection with his pleas of guilty, that he knew he faced a possible maximum sentence of 93 years, that his pleas were entered freely and voluntarily and were proffered as the result of his own free will and accord. *Herron v. Mixon,* 157 Ga. App. 224, 225 (276 SE2d 893) (1981). Also included in the instant record is a transcript of the hearing in which appellant's guilty pleas were accepted by the trial court. This transcript affirmatively demonstrates that appellant's pleas were intelligently and voluntarily made. See generally *Coats v. Seay,* 239 Ga. 635 (238 SE2d 422) (1977); *Gurley v. State,* 141 Ga. App. 327 (233 SE2d 286) (1977). In addition, the record contains evidence, in the form of the transcript of a hearing on appellant's previous petition for habeas corpus, which demonstrates appellee's "careful consideration of the case, tactical decisions relating to every turn in its development, and the obtaining of an agreement from the prosecutor to allow [appellant] to plead guilty . . . in exchange for [less-than-maximum and concurrent sentences], and then only after concluding that a finding of guilty as to all offenses was most probable in the event that [appellant] pleaded not guilty." *Hughes v. Malone,* 146 Ga. App. 341, 348 (247 SE2d 107) (1978).

In opposition to the motion for summary judgment, appellant offered only his own affidavit which "reveals conclusions rather than facts . . ." *Herron v. Mixon,* supra at 225. "No expert evidence was offered in support of the allegations of malpractice. [Cit.]" *Hughes v. Malone,* supra, 348. Under these circumstances, appellant "has failed to rebut by affirmative evidence either the presumption of competence attaching to the performance of legal counsel or the

prima facie showing by [appellee] as to the reasonableness of his conduct. Succinctly stated, it may be said that in a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillfull manner. This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of summary judgment in favor of the attorney is proper. Should this presumption be rebutted by expert legal testimony there is presented for the jury a question of fact. In view of our previous discussion, it follows that there is no dispute as to any material fact pertaining to the reasonableness of [appellee's] legal representation of [appellant] in his criminal defense; accordingly, the trial court properly granted summary judgment to [appellee]." *Hughes v. Malone,* supra, 349. See also *Herron v. Mixon,* supra.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 18, 1983.

Lamar Johnson, *pro se.*
*Johnny H. Butcher,* for appellee.