**Bruce L. HELMICH,
Plaintiff-Appellant,**

v.

**Reid W. KENNEDY and Kennedy and
Kennedy, Defendants-Appellees.**

**No. 85–8589
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 18, 1986.

Bruce L. Helmich, pro se.

A. Timothy Jones, T. Ryan Mock, Jr., Atlanta, Ga., for defendants-appellees.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

CORRECTED OPINION

PER CURIAM:

In this legal malpractice case, the principal issue is whether a brief in another case, signed by a member of the Georgia bar, is a sufficient substitute for an affidavit by an expert, generally required to create an issue of fact as to the skill of the defendant attorney's conduct. We hold that the district court correctly granted summary judgment for the defendant in the face of such argument.

Following his conviction for threatening to bomb Hartsfield International Airport, Bruce L. Helmich filed this legal malpractice action against Reid Kennedy and the law firm of Kennedy and Kennedy who represented him during his criminal trial. He claimed they did not diligently conduct pre-trial investigation or properly prepare for trial and their conduct at trial and in preparing his appeal was grossly negligent.

The defendants' attorneys filed a motion for summary judgment supported by the affidavit of defendant Reid Kennedy, excerpts from Helmich's deposition testimony, excerpts from the trial transcripts, copies of various pre-trial and discovery motions filed by the defendants and a copy of various portions of the sentencing hearing transcript.

The district court granted the motion concluding that Helmich had not provided any expert testimony to support his allegations of malpractice and had failed to rebut the presumption the defendants performed their legal services in an ordinarily skillful manner.

This is a diversity jurisdiction case, governed by the substantive law of Georgia. To create an issue of fact concerning alleged legal malpractice, Georgia requires the testimony of an expert witness.

Succinctly stated, it may be said that in a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner. This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the

grant of summary judgment in favor of the attorney is proper.

*Johnson v. Butcher,* 165 Ga.App. 469, 301 S.E.2d 665, 666–67 (1983). *Hughes v. Malone,* 146 Ga.App. 341, 247 S.E.2d 107, 113 (1978).

Helmich asserts that there was sufficient evidence before the district court to rebut the presumption of counsel's effective assistance, and specifically argues that the court should have judicially noticed a brief his attorney had filed in a 28 U.S.C.A. § 2255 case challenging his conviction on the ground he was denied effective assistance of counsel. He claims this brief would have raised a genuine issue of material fact pertaining to the reasonableness of the legal representation in his earlier criminal trial.

Statements of fact in a party's brief, not in proper affidavit form, cannot be considered in determining if a genuine issue of material fact exists. *See Sims v. Mack Truck Corp.,* 488 F.Supp. 592, 597 (E.D.Pa.1980). Briefs serve an entirely different function than affidavits, even though signed by a member of the Bar under the constraint of legal ethics. Helmich should have presented an affidavit from his attorney, if indeed the attorney would furnish expert testimony under oath in an evidentiary hearing that would result from a triable issue of fact.

Contrary to his argument that the decision of the district court offended traditional notions of fair play and substantial justice, Helmich was given more than ample opportunity to provide the court with expert evidence which would support his legal malpractice claims. The record shows he was paroled from prison by the time the court took the defendant's motion for summary judgment under advisement and had ample opportunity to seek out legal assistance before the court made its ruling.

Helmich contends that the district court should have conducted a hearing as required by O.C.G.A. § 9–11–56(c) prior to granting the defendants' motion for summary judgment. In diversity actions, however, the federal court looks to the state law as to substantive matters but procedural matters are governed by federal law. *Hanna v. Plumer,* 380 U.S. 460, 469–74, 85 S.Ct. 1136, 1142–46, 14 L.Ed.2d 8 (1965); Wright, Federal Courts § 59 at 276 (3d ed. 1976). Nothing in Fed.R.Civ.P. 56(c) requires that an oral hearing be held on a motion for summary judgment. *McMillian v. City of Rockmart,* 653 F.2d 907, 911 (5th Cir.1981).

The decision of the district court granting the defendants' motion for summary judgment is

AFFIRMED.