59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammy ALVAREZ, Plaintiff-Appellant,
v.
Aristedes ZAVARAS, Donice Neal, Thomas Cooper, Cheryl Smith,
Mr. Bray, Miss Ganz, and Mr. Pierson. Defendants-Appellees.
 No. 94-1571.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.[2]
 
 
 2
 Plaintiff Sammy Alvarez, a prisoner incarcerated at the Colorado State Penitentiary, brings this action pursuant to 42 U.S.C.1983 against various Colorado prison officials. He asserts the following claims: (1) that his transfer from the Freemont Correctional Facility to the Colorado State Penitentiary violated his Fourteenth Amendment due process rights because he was not afforded a hearing prior to the transfer; (2) that prison officials have denied him access to the courts; (3) that restrictive living conditions at the Colorado State Penitentiary violate his Eighth Amendment right to be free from cruel and unusual punishment; (4) that prison officials' failure to provide adequate medical and dental care also violates his Eighth Amendment rights; and (5) that his transfer to the Colorado State Penitentiary without a hearing deprived him of employment without due process of law.
 
 
 3
 The district court granted summary judgment in favor of the defendants on all of Mr. Alvarez's claims. Mr. Alvarez now argues that the district court erred as to all of his claims. He also contends that the district court erred in not allowing him to conduct discovery prior to its summary judgment ruling. We grant Mr. Alvarez's request to proceed in forma pauperis and proceed to the merits of this appeal.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We must view the record in the light most favorable to the non-moving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). In addition, in cases involving litigants who proceed pro se, we must construe the pleadings liberally in their favor. Hall v. Bellmon, 935 F.2d. 1106, 1110 (10th Cir.1991).
 
 
 5
 Upon review of the record, we conclude that the district court properly granted summary judgment to the defendants on Mr. Alvarez's due process claim regarding his transfer to Colorado State Penitentiary. The Due Process Clause itself does not require prison officials to conduct a hearing before transferring prisoners from one institution to another. Meachum v. Fano, 427 U.S. 215, 225 (1976) ("That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991) ("[The plaintiff prisoner] has no right to incarceration in a particular facility ... so he cannot complain of deprivation of this right' in violation of due process."). Although state statutes and regulations may create liberty interests that may not be infringed without a hearing, see Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir.1994), Mr. Alvarez has failed to identify any such statutes and regulations that mandate a pre-transfer hearing in these circumstances.
 
 
 6
 As to Mr. Alvarez's claims regarding access to the courts, we note that the district court relied on an affidavit (submitted with the defendants' summary judgment motion) that described the Colorado State Penitentiary's legal access program. The affidavit states that the program consists of "a full time staff legal assistant, a complete inventory of law books, a contract access attorney and a photocopy service." It further states that inmates must submit a form and are then seen within two or three days by the legal assistant. According to the affidavit, the legal assistant may then discuss the matter with the inmate, do research for him, provide legal materials, or refer him to the attorney.
 
 
 7
 Although Mr. Alvarez submitted his affidavit with his response to the defendants' motion for summary judgment, this affidavit did not controvert any of these assertions regarding the legal access program at the Colorado State Penitentiary. However, in his objections to the magistrate's recommendation to grant the defendants' summary judgment motion, Mr. Alvarez contended:
 
 
 8
 a. The said Plaintiff was not afforded such request forms requesting the assistance for his legal problems.
 
 
 9
 b. And when forms did come through they were never returned with any law materials of any kind.
 
 
 10
 c. Some materials were not in demand for the type of case the plaintiff was dealing with at that point and time.
 
 
 11
 d. The plaintiff was never seen by the legal assistance regarding his problem.
 
 
 12
 f. The plaintiff was never mention to a legal access attorney at any time.
 
 
 13
 g. The plaintiff was never afforded with photocopies of case law or statutes and if so were the information.
 
 
 14
 h. Claims of any kind were not being filed in the state court.
 
 
 15
 Rec. doc. 27, at 5[sic].
 
 
 16
 The Due Process Clause of the Fourteenth Amendment guarantees state prisoners the right to "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977); see also Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir.1993). States may provide such access through either "adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. Prisoners have no absolute right to a particular type of legal assistance, and states are free to choose a variety of options in satisfying this duty. Ramos v. Lamm, 639 F.2d 559, 583 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).
 
 
 17
 In the instant case, we agree with the district court that the legal assistance program, as generally described in the affidavit tendered by the defendants, satisfies the constitutional requirements. See Bee v. Utah State Prison, 823 F.2d 397 (10th Cir.1987) (holding that the legal assistance program at the Utah State Prison satisfies constitutional standards); Love v. Summit County, 776 F.2d 908 (10th Cir.1985) (holding that prisoners' access to counsel satisfies constitutional standards), cert. denied, 479 U.S. 814 (1986). Moreover, the district court did not err in declining to consider the statements concerning the legal assistance program that Mr. Alvarez set forth in his objections to the magistrate's recommendations. Statements in parties' briefs are not evidence and do not create issues of fact capable of defeating otherwise valid summary judgment motions. Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engineers, AFL-CIO, 982 F.2d 884, 892 (3d Cir.1992); Helmich v. Kennedy, 796 F.2d 1441, 1443 (11th Cir.1986) (per curiam). In addition, Mr. Alvarez has offered no explanation as to why these statements were not included in the affidavit that he filed in response to the defendants' motion for summary judgment. Accordingly, we conclude that the district court properly granted summary judgment to the defendants on Mr. Alvarez's claim regarding access to the courts.[3]
 
 
 18
 Mr. Alvarez's Eighth Amendment claims are similarly without merit. He first contends that the restrictive conditions of confinement at the Colorado State Penitentiary constitute cruel and unusual punishment. In particular, he challenges restrictions on smoking, limitations on time outside his cell and on socializing with other inmates, the use of handcuffs and escorts when he leaves his cell, limitations on the personal property he can possess, limitations on purchases from the canteen, and the prohibition of contact visits.
 
 
 19
 "Prison conditions violate the eighth amendment if they result in the unnecessary and wanton infliction of pain,' are grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an unquestioned and serious deprivation of basic human needs.' " Ruark, 928 F.2d at 949 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). We agree with the district court that none of the conditions identified by Mr. Alvarez constitute an Eighth Amendment violation.
 
 
 20
 The same is true of Mr. Alvarez's claims regarding inadequate dental and medical care. As to dental care, Mr. Alvarez complains of delays in receiving treatment and contends that an oral surgery was performed improperly. As to medical care, he challenges a delay in receiving a physical examination. However, as the district court noted, complaints that medical personnel have been negligent in diagnosis or treatment do not constitute Eighth Amendment claims. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). In addition, "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm.' " Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993) (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993)) (alteration in original). Here, the dental and medical records submitted by the defendants' with their summary judgment motion establish that Mr. Alvarez received appropriate treatment. Thus, the record does not support Mr. Alvarez's Eighth Amendment claims.
 
 
 21
 The district court also properly concluded that Mr. Alvarez's loss of employment upon his transfer to Colorado State Penitentiary did not violate his rights under the Due Process Clause of the Fourteenth Amendment. Absent a statute or regulation, prisoners do not have a property interest in employment that triggers the protections of the Due Process Clause. Templeman, 16 F.3d at 370. Mr. Alvarez has not identified such a statute or regulation.
 
 
 22
 Finally, the fact that Mr. Alvarez did not conduct discovery in the district court proceedings does not warrant reversal of the summary judgment order. Under Fed.R.Civ.P. 56(f), a party opposing summary judgment may request a continuance to allow additional discovery. Mr. Alvarez did not make such a request in either his response to the defendants' motion for summary judgment or in his objections to the magistrate's recommendation that summary judgment should be entered in favor of the defendants. As a result, we conclude that the district court did not err in granting summary judgment to the defendants without waiting for the parties to conduct further discovery. See King v. Cooke, 26 F.3d 720, 726 (7th Cir.1994) ("[W]hen a party does not avail himself of relief under Rule 56(f), it is generally not an abuse of discretion for the district court to rule on the motion for summary judgment."), cert. denied, 115 S.Ct. 1373 (1975).
 
 
 23
 Accordingly, the district court's order granting summary judgment to the defendants is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The plaintiff's motion for an extension of time to file his reply brief is granted
 
 
 [3]
 In addition, even if we were to consider the statements in Mr. Alvarez's objections to the magistrate's recommendation as evidence, those statements would not create controverted issues of material fact sufficient to defeat the defendants' motion for summary judgment on the claim for denial of access to the courts. "[A] prisoner must do more than make a mere conclusory allegation of need for unspecified or unlimited materials." Petrick, 11 F.3d at 995. Mr. Alvarez's statements concerning the legal access claim do not specify the materials that he requested or the measures that he took to obtain them or to meet with a legal assistant or an attorney. His statements constitute the kind of "conclusory allegations of need" we referred to in Petrick