67421. ELWELL et al. v. HANEY.

McMURRAY, Chief Judge.
*On December 4, 1980,* a collision of automobiles resulted in injuries for which Marilyn R. Elwell sued the defendant Carl Haney, Jr., contending she suffered serious bodily injury, medical expenses, rehabilitative treatment, loss of earnings, probable future medical expenses and permanent disability. In addition to the claims of this plaintiff her husband joined in the suit demanding judgment for loss of consortium. This action was filed on *November 29, 1982,* approximately five days before the statute of limitation would run on

the personal injury action. It was not served on the defendant *until April 18, 1983.* The defendant thereafter answered denying the claims, admitting only jurisdiction and adding other numerous defenses. He also filed a motion to dismiss contending the plaintiffs had failed to act in a reasonable and diligent manner in attempting to serve him as quickly as possible and had been guilty of laches in connection therewith seeking to have the summons quashed and/or the complaint dismissed, the applicable statute of limitation having run prior to the time the defendant was served. After a hearing on the motion to dismiss, the trial court made findings of fact (in substance, the above, as well as other determinations, as to the lack of timely service) and conclusions of law that the plaintiffs failed to act in a reasonable and diligent manner. The court held the plaintiffs to be guilty of laches and dismissed plaintiffs' complaint. Plaintiffs appeal enumerating error to the dismissal of the husband plaintiff's complaint for loss of consortium and the wife's complaint for personal injuries sustained for failure to exercise reasonable diligence in perfecting service of process upon the defendant. *Held:*

This case is controlled adversely to the plaintiff wife by the case of *Webb v. Murphy,* 142 Ga. App. 649, 650 (236 SE2d 840), in that the trial court did not err in its exercise of the legal discretion in finding as a matter of fact that this plaintiff wife was not diligent in her efforts to serve the defendant with reference to her claims for damages for injuries to her person. Clearly, there was evidence to sustain the finding of the trial court, and the statute of limitation had run as to her claim. See *Bible v. Hughes,* 146 Ga. App. 769 (2), 770 (3) (247 SE2d 584); *Smith v. Griggs,* 164 Ga. App. 15, 17 (2) (296 SE2d 87).

However, insofar as the plaintiff husband sought damages for loss of consortium the statute of limitation was four years, and the time had not run. Thus, even though the court determined the plaintiffs had not been diligent in obtaining service upon the defendant the action was not barred by the passage of time. Therefore, based upon *Webb v. Murphy,* 142 Ga. App. 649, 650, supra, a case somewhat similar on its facts to the case sub judice, we hold it was error to dismiss the entire complaint since the statute of limitation (OCGA § 9-3-33 (formerly Code Ann. § 3-1004 (Ga. L. 1964, p. 763))) did not bar the action for loss of consortium even though the plaintiffs were determined to be derelict in seeking timely service upon the defendant. While it is true that the right of action for loss of consortium stems from the personal injury to the other spouse as set forth in *Douberly v. Okefenokee Rural Electric Membership Corp.,* 146 Ga. App. 568, 570 (246 SE2d 708), that case in no wise is authority to hold that both claims should have been dismissed. See *Webb v. Murphy,* 142 Ga. App. 649, 650, supra. See also in this

connection *Central of Ga. R. Co. v. Harbin,* 132 Ga. App. 65 (207 SE2d 597).

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 6, 1984.

*Danny G. Schulman,* for appellants.
*W. Howard Fowler, William P. Rowe III,* for appellee.