## 73862. GASKINS et al. v. A. B. C. DRUG COMPANY, INC.

(359 SE2d 364)

POPE, Judge.

On October 26, 1984 plaintiffs Christine and Denny Gaskins brought suit against Pic N' Save East Florida Corporation, Inc., seeking damages for injuries allegedly incurred by Ms. Gaskins while she was on the premises of a business operating at 408 North Patterson Street, Valdosta, Georgia, under the name of Pic N' Save. The named defendant's agent for service acknowledged service of plaintiffs' complaint on October 29, 1984, and Pic N' Save East Florida subsequently filed its answer, in which it denied it operated a business at 408 North Patterson Street in Valdosta, Georgia.

On January 10, 1985 Pic N' Save East Florida filed a motion for summary judgment based on its claim that it neither owned nor operated the business named in plaintiffs' complaint and further stating that said business was owned by A. B. C. Drug Company, Inc., defendant/appellee herein. The trial court granted Pic N' Save East Florida's motion on February 25, 1985 and in that same order approved plaintiffs' amendment to their complaint adding A. B. C. as the named defendant. However, the record contains no return of service or other evidence that plaintiffs served A. B. C. with the complaint or summons following the trial court's order.

On July 9, 1985 A. B. C. filed a motion to dismiss based on the running of the applicable statute of limitation. The trial court never ruled on that motion, and A. B. C. filed a motion for summary judgment on October 17, 1985 again alleging that plaintiffs' action against it was not timely commenced. The trial court denied this motion; on May 9, 1986 A. B. C. filed another motion to dismiss based on both insufficiency of service of process (OCGA § 9-11-12 (b)) and failure to bring the action within the applicable statute of limitation. On June 20, 1986 the trial court entered an order granting summary judgment to A. B. C. and dismissing plaintiffs' complaint with prejudice. Plaintiffs appeal. *Held*:

1. Although apparently conceding that service of process was never attempted on A. B. C. after it was added as the proper defendant in the case at bar, plaintiffs argue, without citation of authority, that A. B. C. and Pic N' Save East Florida "are, in fact, the same creature" and thus service on the latter constituted legally sufficient service on the former. In support of this argument, plaintiffs rely on the fact that both corporations have the same vice-president, and according to plaintiffs' brief in opposition to A. B. C.'s motion to dismiss (but otherwise not apparent of record) have the same agent for service and employ the same attorney. Pretermitting the issue of the admissibility of the evidence contained only in plaintiffs' brief, from our consideration of the evidence, we find no basis to plaintiffs' con-

tention that A. B. C. and Pic N' Save East Florida are actually the "same creature"; rather, we believe the record clearly supports the conclusion that those corporations are separate corporate entities.

The record is also undisputed that A. B. C. was never served with process as provided by law. "While OCGA § 9-11-15 (a), in conjunction with OCGA § 9-11-21, is authority for a trial court to grant a motion to add a party to a pending action, the grant of such a motion does not dispense with the requirement that a new defendant be served. If a motion to add a party is granted, . . . service of process must be made in the usual way. . . . Even if defendant has knowledge of a pending suit, the sine qua non is service of summons in the manner provided by law." (Citations, punctuation, indention and italics omitted.) *Stone Mtn. Aviation v. Rollins Leasing Corp.*, 174 Ga. App. 35, 36 (329 SE2d 247) (1985); see also *CMT Investment Co. v. Automated Graphics &c.*, 175 Ga. App. 353 (333 SE2d 196) (1985). Hence dismissal of plaintiffs' action based on insufficiency of service of process was proper.

2. We also find that plaintiff Christine Gaskins' action against A. B. C. for personal injuries is barred by the two-year limitation period applicable to actions of this type. OCGA § 9-3-33. The record shows that the accident which formed the basis of plaintiffs' complaint occurred on October 25, 1982; the record is undisputed that as of the date of the trial court's ruling on A. B. C.'s motion to dismiss (June 20, 1986), service of process had never been attempted on A. B. C. and thus no valid cause of action had been instituted against it as of that date. See *Freeman v. Nodvin*, 181 Ga. App. 663 (1) (353 SE2d 546) (1987).[1] Thus the trial court was authorized to find that plaintiff Christine Gaskins failed to commence her action against A. B. C. within the applicable limitation period.

"However, insofar as [plaintiff Denny Gaskins] sought damages for loss of consortium the statute of limitation was four years [OCGA § 9-3-33], and the time had not run." *Elwell v. Haney* 169 Ga. App. 481, 482 (313 SE2d 499) (1984). Thus, the trial court was not authorized to dismiss plaintiffs' entire complaint as barred by the applicable statute of limitation. *Elwell*, supra at 482.

3. In light of the above we must also consider plaintiffs' contention that the trial court erred in dismissing their complaint with prejudice "because the ruling did not constitute a judgment on the merits." The trial court's order specifically granted summary judgment to defendant A. B. C.; the grant of summary judgment clearly constitutes a ruling on the merits which ends the case. *Usher v. John-*

---

[1] Because service of process has never been perfected on A. B. C., we also find inapposite plaintiffs' argument concerning relation back of their amendment to the date of filing of their original complaint. Cf. *Bil-Jax v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987).

son, 157 Ga. App. 420 (278 SE2d 70) (1981); *Ellington v. Tolar Constr. Co.*, 142 Ga. App. 218 (235 SE2d 729) (1977). And, although summary judgment is clearly inappropriate on the issue of insufficiency of process, a matter in abatement, *Concert Promotions v. Haas & Dodd, Inc.*, 167 Ga. App. 883 (1) (307 SE2d 763) (1983); *Kirkpatrick v. Mackey*, 162 Ga. App. 876 (293 SE2d 461) (1982), it is clearly an appropriate remedy when the issue concerns the running of the statute of limitation. *Houston v. Doe*, 136 Ga. App. 583 (2) (222 SE2d 131) (1975). Accordingly, the trial court did not err in granting summary judgment to A. B. C. as to plaintiff Christine Gaskins' claim.[2] However, as stated in Division 2, supra, plaintiff Denny Gaskins' claim for loss of consortium was not yet barred by the applicable limitation period; hence summary judgment and dismissal with prejudice of that portion of plaintiffs' complaint was error. *Elwell*, supra at 482.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 29, 1987.

*Elsie H. Griner*, for appellants.
*F. Thomas Young, Daniel C. Hoffman*, for appellee.

---

[2] Plaintiffs also contend that because the trial court originally denied defendant A. B. C.'s motion for summary judgment based on the running of the statute of limitation, it is barred from now entering an order granting such a motion, based on the doctrine of res judicata. We disagree. The denial of a motion for summary judgment decides nothing, *Ellington*, supra at 221, and thus plaintiffs' argument based on the doctrine of res judicata is inapposite.