#### 74699. GRAVES v. JONES.
(361 SE2d 19)

CARLEY, Judge.

Appellant-plaintiff filed a complaint, alleging that various acts and omissions of appellee-defendant attorney constituted legal malpractice. Appellee answered, denying the material allegations of appellant's complaint. Appellee subsequently moved for summary judgment, supporting his motion with his own affidavit. In his affidavit, appellee asserted that, at all times during his representation of appellant, he had "exercised the degree of skill, prudence, and diligence as lawyers of ordinary skill and capacity possess and exercise in the State of Georgia and was not negligent in any particular regard in said representation."

In opposition to appellee's motion, appellant filed both his own affidavit and the affidavit of an attorney. In the latter affidavit, the affiant recited his qualifications as an expert and, having further established the parameters of acceptable professional conduct as to one of the numerous instances alleged to constitute legal malpractice in appellant's complaint, concluded that, as to that single instance, appellee had "failed to exercise the degree of skill, prudence and diligence of lawyers of ordinary skill in the State of Georgia generally." Compare *Kellos v. Sawilowsky*, 254 Ga. 4 (325 SE2d 757) (1985).

On this evidence, the trial court granted summary judgment in favor of appellee as to each allegation of legal malpractice except that single instance which had been addressed in the affidavit of appellant's expert. Accordingly, the trial court further ordered that any recovery by appellant would be limited to such damages as had been proximately caused by the single instance of alleged legal malpractice still at issue. Appellant appeals from the trial court's grant of partial summary judgment in favor of appellee.

1. "[E]xcept in clear and palpable cases (such as the expiration of a statute of limitation), expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. [Cits.]" *Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107) (1978). See also *Rose v. Rollins*, 167 Ga. App. 469, 471 (2) (306 SE2d 724) (1983). None of the instances of alleged legal malpractice attributed to appellee in appellant's complaint falls within the "clear and palpable" exception. Therefore, it would be incumbent upon appellant to produce expert testimony as to those allegations at a trial on the merits, and a recovery based upon appellant's own non-expert testimony would not be authorized.

Appellee, as the movant for summary judgment, had the burden of proving that no genuine issue as to his alleged legal malpractice remained for trial. Since appellant had alleged no instances of "clear and palpable" legal malpractice, appellee met that burden by submitting his own affidavit. "In support of his motion for summary judgment, appellee filed his own affidavit to the effect that his representation of appellant complied with applicable standards of professional competence. Such an affidavit by a defendant in a legal malpractice action, if not contradicted by expert testimony, will authorize summary judgment for the defendant attorney." *Thomas v. Carlisle*, 179 Ga. App. 315, 316 (3) (346 SE2d 79) (1986). See also *Parker v. Knight*, 245 Ga. 782 (3) (267 SE2d 222) (1980); *Mims v. Wardlaw*, 176 Ga. App. 891 (3) (338 SE2d 866) (1985). Contrary to appellant's assertions, appellee's affidavit was not "conclusory." It established that, in appellee's expert opinion, his legal representation of appellant had been in compliance with and did not deviate from the parameters of acceptable professional conduct.

Since appellee met his evidentiary burden as the movant, the burden shifted to appellant to show that a genuine issue of material fact as to appellee's legal malpractice remained for trial. That burden could not be met by appellant's submission of his own affidavit. "[I]n those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that

motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. [Cits.]" *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45) (1978). See also *Patterson v. Lanham*, 182 Ga. App. 343 (3), (355 SE2d 738) (1987). " 'Succinctly stated, it may be said that in a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner. This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of summary judgment in favor of the attorney is proper. Should this presumption be rebutted by expert legal testimony there is presented for the jury a question of fact.' " *Johnson v. Butcher*, 165 Ga. App. 469, 470 (301 SE2d 665) (1983).

In opposition to the expert legal testimony offered by appellee, appellant only produced expert legal testimony which addressed a single instance of appellee's alleged legal malpractice and which opined that, with regard to that single instance, appellant had deviated from the specified parameters of acceptable professional conduct. Therefore, it is only as to that single instance that appellant met his burden of producing rebuttal evidence showing the existence of an issue for jury resolution and it is only as to that single instance that appellee was not entitled to the grant of summary judgment in his favor. The trial court correctly granted partial summary judgment in appellee's favor as to all instances of his alleged legal malpractice save that addressed in the affidavit of appellant's expert.

It necessarily follows that the trial court did not err in limiting any possible recovery by appellant to those damages proximately caused by the single instance of appellee's alleged legal malpractice remaining in the case. In a legal malpractice action "the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff. [Cits.]" *Rogers v. Norvell*, 174 Ga. App. 453, 457 (2) (330 SE2d 392) (1985). Since all but one instance of appellee's professional conduct had been eliminated as legal malpractice, it was only as to that instance that it remained possible for appellant to prove at trial the existence of all three of the required elements.

2. Remaining enumerations of error not otherwise addressed have been considered but are either moot by virtue of our holding in Division 1 of this opinion or have no merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*Arnold B. Graves*, pro se.

*Eileen M. Golden*, for appellant.
*Carr G. Dodson, Bradley J. Survant*, for appellee.