## 74841. ELWELL v. CUTLER et al.
(364 SE2d 81)

BEASLEY, Judge.

Legal malpractice. Plaintiff Elwell sued her attorneys for negligence in allowing the statute of limitation to run on a claim arising from a motor vehicle collision. She moved for partial summary judgment on the issue of negligence, and the attorneys as defendants also moved for summary judgment. Each motion was accompanied by an expert's affidavit. Plaintiff appeals the denial of her motion for partial summary judgment and the grant of defendants' motion.

The following is undisputed. The collision occurred on December 4, 1980. The attorneys were employed on July 14, 1982, and filed a complaint on behalf of plaintiff and her husband on November 29, 1982. Service was made on that defendant on April 18, 1983, and the collision case was dismissed as to plaintiff because of the statute of

limitation. The trial court found a failure to exercise reasonable diligence in the efforts to have service perfected. This Court affirmed the dismissal in *Elwell v. Haney*, 169 Ga. App., 481, 482 (313 SE2d 499) (1984) holding that "the trial court did not err in its exercise of the legal discretion in finding as a matter of fact that this plaintiff wife was not diligent in her efforts to serve the defendant. . . . Clearly, there was evidence to sustain the finding of the trial court, . . ."

Other significant facts are undisputed: The attorney handling the collision case did not research the law, when he filed the case four days before the statute of limitation ran as to the wife's claim, to discover that failure to obtain prompt service as required by OCGA § 9-11-4 (c) could lead to dismissal for laches. *Hilton v. Maddox &c. Trim Contractors*, 125 Ga. App. 423, 425 (188 SE2d 167) (1972); *Railey v. State Farm &c. Ins. Co.*, 129 Ga. App. 875, 880 (2) (201 SE2d 628) (1973); *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977). The attorney did not advise the sheriff of the urgency of prompt service and the crucial nature of it to assure the viability of the claim. The client relied entirely on the attorney for the proper filing and service of the claim, and the attorney undertook to accomplish it. When the motion to dismiss the collision case because of laches was heard, no evidence was presented to show why the defendant was not timely served, nor was there any evidence to explain why it took four and one-half months to eventually perfect service. The attorney knew the defendant's address when the collision suit was filed, it never changed, there was no evidence that defendant attempted to avoid service, and he was served at that address.

All of this is fact, and while it may be legally correct that the collision case is not res judicata here, the facts developed there are equally established in the record in this case and are no less true just because they were found there.

The opinion of the attorney representing the collision plaintiffs, that he pursued service "diligently and without delay" and that his conduct "fell within the parameters of acceptable professional conduct," even without any countering expert opinion testimony, properly explicit or not, simply does not foreclose a consideration of whether what he indisputably did and did not do constituted professional negligence. We do not agree that his opinion establishes as a matter of law that he was not negligent, when the undisputed facts are taken into account. Chief among these are that four judges concluded that plaintiffs in the collision case failed to act in a reasonable and diligent manner in attempting service, that the task of their securing service was assumed by the attorney, and that the lawsuit was dismissed for laches. These facts are more than enough to counter the defendant attorney's opinion of his own dispatch of duty and so to create a triable issue. They speak as does the needle in the patient's

eye which was given in illustration of the exception to the analogous requirement for plaintiff's medical expert opinion in *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552) (1957). The case sub judice is of the type of "unless" cases referred to in *Parker v. Knight*, 245 Ga. 782 (2) (267 SE2d 222) (1980). See also *Killingsworth v. Poon*, 167 Ga. App. 653, 655 (307 SE2d 123) (1983).

Thus, the lack of a particularized expert counter-affidavit, which appellees focus on, is beside the point. *Kellos v. Sawilowsky*, 172 Ga. App. 263 (322 SE2d 897) (1984), and the cases cited therein requiring expert opinion testimony, are inapposite because they do not involve dismissals of lawsuits for expiration of a statute of limitation not tolled by diligent service. As a matter of fact, *Kellos* states, quoting from earlier cases: " 'except in clear and palpable cases (such as the expiration of a statute of limitation), expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice.' " *Kellos*, supra at 264. Here we have that exceptional case.

An attorney has a duty "to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." *Hughes v. Malone*, 146 Ga. App 341, 344 (247 SE2d 107) (1978). See also *Berman v. Rubin*, 138 Ga. App. 849, 851 (227 SE2d 802) (1976). The attorney saying he did so, when the case he was handling was dismissed for laches attributable to him, does not make it so as a matter of law.

Neither plaintiff nor defendants were entitled to summary judgment, and thus the court erred as to the latter.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., Carley and Pope, JJ., concur. Sognier, J., concurs in the judgment only. Deen, P. J., McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

McMurray, Presiding Judge, dissenting.

Defendants rely upon the affidavit of defendant Schulman which sets forth a summary of the underlying circumstance and actions taken to perfect service upon the defendant in plaintiff's motor vehicle collision case. Defendant Schulman also gives his own expert opinion that "there are no grounds for a finding that I failed to exercise reasonable care in handling the plaintiff's claim, or that I was negligent in filing the plaintiff's complaint four days before the statute of limitations expired, and that my conduct at all times fell within the parameters of acceptable professional conduct applicable to attorneys practicing in Georgia and in the profession generally."

"[I]n a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner." *Hughes v.*

*Malone*, 146 Ga. App. 341, 349 (247 SE2d 107). In view of the presumption that the legal services were performed in an ordinarily skillful manner, together with the expert opinion of the defendant Schulman, plaintiff was required to produce in rebuttal an expert's affidavit. *Rose v. Rollins*, 167 Ga. App. 469, 471 (2) (306 SE2d 724). However, in order for plaintiff's expert's affidavit to be sufficient it must contain more than a mere naked conclusion but must provide some comparison between what was done and what should have been done. *Loving v. Nash*, 182 Ga. App. 253, 255 (1) (355 SE2d 448); *Beauchamp v. Wallace*, 180 Ga. App. 554 (349 SE2d 791); *Bushey v. Atlanta Emergency Group*, 179 Ga. App. 827 (348 SE2d 98).

In his affidavit, plaintiff's expert lists various documents which he has reviewed and deposes "that the Defendants failed to exercise reasonable care in handling Plaintiff's claim in [the automobile collision case] and as a result of such failure Plaintiff's complaint was dismissed and it is my opinion that Defendants were negligent in waiting until some four days before the expiration of the statute of limitations expired to file Plaintiff's complaint and were negligent in failing to exercise diligence in perfecting service." Thus, plaintiff's expert's affidavit failed to state the particulars necessary to establish the parameters of acceptable professional conduct, and is not sufficient to rebut the presumption that the legal services were performed in an ordinarily skillful manner, and is not sufficient to carry the burden required of a plaintiff when a defendant has made a prima facie showing of entitlement to judgment. *Loving v. Nash*, 182 Ga. App. 253, 256, supra.

Additionally, the majority's reliance upon our approval of the factual finding of the trial court in *Elwell v. Haney*, 169 Ga. App. 481 (313 SE2d 499) is misplaced. That case is not res judicata to the defendants in the case sub judice who were not parties to that action. Thus, the factual findings derived from conflicting evidence by the trial judge in the collision case, should not be deemed to be "equally established" in the case sub judice.

Nor is the case sub judice one involving "clear and palpable" negligence so as to obviate the plaintiff's need for expert opinion testimony. The instant case is not a case in which the defendant attorneys negligently failed to file the plaintiff's action before the applicable statute of limitation expired, such as referenced in a parenthetical example in *Hughes v. Malone*, 146 Ga. App. 341, 345, supra, and *Kellos v. Sawilowsky*, 172 Ga. App. 263 (322 SE2d 897).

For the above stated reasons, I would affirm the grant of summary judgment in favor of defendants. Therefore, I respectfully dissent.

I am authorized to state that Presiding Judge Deen, Presiding Judge Banke and Judge Benham join in this dissent.

DECIDED DECEMBER 2, 1987 —
REHEARING DENIED DECEMBER 18, 1987 —.

Kyle Yancey, for appellant.
E. Clayton Scofield III, A. Paul Cadenhead, for appellees.