A89A0849. KHOURY CONSTRUCTION COMPANY, INC.
v. EARHART et al.
(382 SE2d 392)

DEEN, Presiding Judge.

The appellant, Khoury Construction Company, Inc., built a house for the appellees, and was sued when it would not correct certain defective items on the house. The primary areas of complaint concerned the location of a golf cart garage door, and a hardwood floor that had loose boards and unsightly spaces between some of the boards. The jury returned a verdict for $18,500 in favor of the appellees, and this appeal followed. *Held*:

1. The appellant contends that the trial court erred in allowing the appellees to play a tape recording made by one of the appellees as he walked on the squeaky floor, because the appellees failed to include the tape recording on the list of documentary and physical evidence provided in the pre-trial order. The tape recording, which was made four days before trial, was not tendered as an exhibit. Assuming that the recording, had it existed at the time, should have been listed in the pre-trial order, under OCGA § 9-11-16 (b) the trial court had discretion to modify the pre-trial order at the trial to prevent manifest injustice, and we find no abuse of that discretion.

On appeal, the appellant also contends that the tape recording should not have been played because no foundation was laid as required in *Steve M. Solomon Jr., Inc. v. Edgar*, 92 Ga. App. 207 (88 SE2d 167) (1955). However, the record shows that the appellee who made the recording testified about the circumstances of the recording and that the recording fairly represented the noise caused by walking on the floor; this appellee, of course, was also subject to cross-examination. The appellant's foundation objection thus is without merit. *Galaxy Carpet Mills v. Massengill*, 255 Ga. 360 (3) (338 SE2d 428)

(1986).

2. The appellees called as witnesses an architect who testified primarily about the cost of repairs for the golf cart garage door, and a flooring contractor who testified about the hardwood floor. The appellant contends that these witnesses' testimony was that of experts and should have been excluded because the appellees had not divulged these experts in answering an interrogatory asking for the names of all experts the appellees intended to call as witnesses. The appellees claim that these witnesses were not called and did not testify as experts. The appellees did list the architect and a representative of the flooring contractor in the pre-trial order four months before trial, and the architect's written estimate of the cost of repairs was provided to the appellant in response to the appellant's first interrogatories. Under these circumstances, the trial court did not abuse its discretion in allowing the witnesses to testify.

It does not appear that expert opinion testimony was essential to prove the appellees' claim that the appellant had not built the house in a fit and workmanlike manner. The problem with the golf cart garage door was its placement so that with cars parked in the garage one could not drive the golf cart in or out of the garage. Thus, for all practical purposes, the golf cart door was patently useless and it did not take an expert to reach that diagnosis. The hardwood floor creaked loudly, moved up and down, and had numerous wide spaces between the boards; likewise, the jury did not need an expert to tell it that the floor was defective. "[I]t is possible for evidence to establish a known or knowable defect without proof of a professional standard, if the proof is clear and palpable to the jury. [Cit.]" *Hudgins v. Bacon*, 171 Ga. App. 856, 860 (321 SE2d 359) (1984).

3. The appellant also contends that the trial court erred in refusing to give several of its requested jury charges. The requested charges on the necessity of presenting competent evidence as to the acceptability of specific professional conduct was properly denied, as it was not adjusted to the evidence, and the requested charge on comparative exercise of care by an owner and a builder was inapposite in this contract action. See *Hudgins v. Bacon*, supra at 861.

With regard to the golf cart garage door, an architect employed by the appellant prepared the plans and specifications of the house which were incorporated into the contract. Since the appellant furnished the design and assured the appellees that the golf cart door would be functional, the appellant was not entitled to a jury charge that it was not liable because it had built according to those specifications furnished by another. Cf. *Cooper v. Garmon Bros. Contractors*, 166 Ga. App. 839 (305 SE2d 499) (1983).

4. Relying upon *Kendrick v. White*, 75 Ga. App. 307 (43 SE2d 285) (1947), the appellant also contends that the appellees waived any

complaint they had with regard to the golf cart garage door by making final payment and taking possession of the house, without the appellant ever having promised to remedy the defect. In this case, the appellees pointed out what they perceived as a problem with the location of the golf cart door when the house was still in the framing stage, but the appellant assured them that there would be no problem with getting a golf cart in and out of the garage with cars in the garage. When the appellees moved in and discovered that the condition was not functional, they complained to the appellant, who thereafter refused to make any alteration. Under these circumstances, we find no waiver.

5. The evidence supported the verdict.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 15, 1989.

*Gannam & Gnann, J. Hamrick Gnann, Jr.,* for appellant.
*Thomas J. Mahoney, Jr., Hunter, Maclean, Exley & Dunn, Arnold C. Young,* for appellees.