## A89A2254. TAYLOR v. SPENCE.
(390 SE2d 309)

BANKE, Presiding Judge.

This is an appeal from a summary judgment for the defendant in a legal malpractice action. The plaintiff retained the defendant to handle the closing of a loan which she had agreed to make to a friend, Coleene Anne Nagem. The loan was to be secured by Ms. Nagem's residence. The defendant testified in his deposition that the plaintiff wanted Ms. Nagem to execute a quitclaim deed to her home in addition to a promissory note and security deed so that she (the plaintiff) could avoid the "hassle" of instituting a foreclosure proceeding in the event the loan went into default. The defendant stated that the plaintiff insisted upon receiving the quitclaim deed notwithstanding his advice that it "would not be effective to circumvent a foreclosure" and his recommendation that it not "be a part of th[e] transaction." Ms. Nagem corroborated the defendant's testimony in this regard, and the plaintiff has not disputed it. After obtaining the quitclaim deed, the plaintiff filed it for recording before the first monthly payment was due on the loan and thereafter sought to dispossess Ms.

Nagem from the property. Ms. Nagem then filed a successful lawsuit to have the deed set aside.

The defendant testified that he had exercised that degree of care and skill exercised by lawyers generally under similar conditions and like circumstances and denied having made any misrepresentations to the plaintiff. Although the plaintiff, acting pro se, deposed the attorney who had represented her in Ms. Nagem's action to set aside the quitclaim deed, she elicited no contrary expert testimony from him or from any other attorney to the effect that the defendant had failed to exercise due care. *Held*:

The sworn testimony of the defendant in a legal malpractice action to the effect that his representation of the plaintiff complied with the applicable standards of professional conduct, if not controverted by expert testimony to the contrary, will authorize the grant of summary judgment in his favor. See *Thomas v. Carlisle*, 179 Ga. App. 315, 316 (346 SE2d 79) (1986); *Yates v. Carlisle*, 171 Ga. App. 206 (319 SE2d 71) (1984); *Graves v. Jones*, 184 Ga. App. 128, 129 (361 SE2d 19) (1987). It follows that the trial court did not err in granting the defendant's motion for summary judgment in this case.

*Judgment affirmed. Sognier, and Pope, JJ., concur.*

DECIDED JANUARY 30, 1990.

Charlotte F. Taylor, *pro se.*
*John W. Denney*, for appellee.