A94A1669, A94A1676. HODGE et al. v. JENNINGS MILL, LTD.
et al.; and vice versa.
(451 SE2d 66)

BLACKBURN, Judge.

Plaintiffs, Jennings Mill, Ltd. ("Jennings Mill"), and its general partner and limited partners brought an action against its former counsel, defendant, G. Marcus Hodge and other principals of the law firm Fortson, Bentley & Griffin ("FBG"), to recover damages arising from defendant's conduct in the handling of the sale of the Jennings Mill Country Club to a third-party purchaser, J. M. Athens, Inc. ("Athens"). The complaint alleges that FBG, in fact, represented both Jennings Mill and Athens in the transaction. The complaint originally sought damages on three alternative legal theories: breach of the contract of representation, breach of fiduciary duty, and fraud and was filed without an OCGA § 9-11-9.1 affidavit. Defendants raised the failure to include an OCGA § 9-11-9.1 affidavit in their answer and Jennings Mill subsequently amended its complaint by adding a fourth count denominated "Professional Malpractice" and filing therewith an OCGA § 9-11-9.1 affidavit. The fourth count was based on the same facts alleged in the initial complaint.

Having raised the failure to comply with OCGA § 9-11-9.1 in its initial responsive pleading, FBG moved to dismiss the complaint and the amended complaint for failure to submit an expert affidavit pursuant to OCGA § 9-11-9.1. Thereafter, the trial court entered an order denying the motion to dismiss with respect to Count 1 (breach of contract) and Count 3 (fraud), and granting the motion as to Count 2 (breach of fiduciary duty), insofar as it sounded in professional malpractice, and granting the motion as to Count 4 (professional malpractice). This interlocutory appeal followed.

FBG contends that the trial court erred in denying its motion to dismiss the amended complaint in its entirety. In particular, it argues that expert testimony is essential to defending against the remaining claims of error asserted by Jennings Mill as they arise in the context of attorney-client relations with Jennings Mill and Athens.

OCGA § 9-11-9.1 (a) provides: "In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which shall set forth at least *one negligent act or omission* claimed to exist and the factual basis for each such claim." (Emphasis supplied.) "This statute applies to any action for *professional malpractice by negligent act or omission,* sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care." *Barr v. Johnson,* 189 Ga. App. 136, 137 (375 SE2d 51) (1988).

In *Hughes v. Malone,* 146 Ga. App. 341 (247 SE2d 107) (1978), this court held that a complaint seeking damages for an attorney's want of professional skill and diligence in the conduct of his client's business is a "malpractice claim," whether the *negligent acts* were wilful or negligent. Id. at 344-347. "Webster's Third International Dictionary defines 'malpractice' as 'a dereliction from professional duty whether intentional, criminal, or merely negligent by one rendering professional services that results in injury, loss, or damage to the recipient of those services or to those entitled to rely upon them or that affects the public interest adversely; the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services or to those entitled to rely upon them.' " *Gillis v. Goodgame,* 199 Ga. App. 413, 415 (404 SE2d 815) (1991).

While misconduct by one who is a professional may take many forms, i.e., negligence, intentional acts, criminal acts, or fraudulent acts, the affidavit requirements of OCGA § 9-11-9.1 are limited to those claims "for professional *malpractice by negligent act or omission, sounding in tort or by breach of contract* for failure to perform professional services in accordance with the professional obligation of care." *Barr v. Johnson,* supra at 137. "[A]n expert affidavit was required by OCGA § 9-11-9.1 *because professional negligence was alleged.*" (Emphasis supplied.) *Gillis,* supra at 415.

Not every claim which calls into question the conduct of one who happens to be a lawyer is a professional malpractice claim requiring expert testimony or an OCGA § 9-11-9.1 affidavit. It is only where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession that the necessity to establish such standards and the violation thereof by expert testimony for the guidance of the jury arises. *Candler Gen. Hosp. v. McNorrill,* 182 Ga. App. 107 (354 SE2d 872) (1987).

The reason expert testimony is required in professional malpractice cases is that "the court and the jury must have a *standard* mea-

sure which they are to use in measuring the acts of the [professional] in determining whether he exercised a reasonable degree of care and skill [in carrying out his professional duties]. . . . The proper standard of measurement is to be established by testimony of [professionals]; for *it is a [professional] question." Pilgrim v. Landham*, 63 Ga. App. 451, 455 (11 SE2d 420) (1940). Where the claim does not bring into issue a professional question, there is no need as to that claim, to establish professional standards. "Thou shalt not defraud," is a proposition that is understood by even the most uneducated layman. Indeed, what professional could deny its propriety? It follows therefore that no expert testimony is required to establish that it is improper for attorneys to defraud their clients. It is improper for *any person* to defraud another as that is a standard of society, from which no one is excepted.

Accordingly, the trial court properly denied defendant's motion to dismiss Count 3 as it sounded in fraud and required no OCGA § 9-11-9.1 affidavit; properly granted said motion as to Count 4 which sounded in malpractice and Count 2, an alleged breach of fiduciary duty to the extent it sounded in malpractice; and erred in failing to dismiss Count 1, breach of contract, to the extent it sounded in malpractice.

Jennings Mill's cross-appeal as to the grant of defendants' motion to dismiss Count 4, as sounding in malpractice and Count 2 to the extent that it sounded in malpractice is without merit.

*Affirmed in part and reversed in part. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 2, 1994 —
RECONSIDERATION DENIED DECEMBER 6, 1994 —

*Bondurant, Mixson & Elmore, Emmett J. Bondurant, Michael B. Terry,* for appellants.
*O. Hale Almand, Roy W. Griffis, Jr.,* for appellees.

