## A94A2564. HILTON et al. v. CALLAGHAN.
(453 SE2d 509)

RUFFIN, Judge.

Harry and Lois Hilton filed suit against their accountant, John Callaghan, to recover damages arising out of Callaghan's purchase of their condominium. In Count 1 of their complaint, the Hiltons alleged breach of contract, contending Callaghan failed to provide them with the necessary and proper tax advice normally required by a certified public accountant operating in good faith, and that as a result, they unknowingly incurred a significant tax liability from the sale of the

unit. In Count 2, the Hiltons alleged fraud, contending that because of the "fiduciary relationship" existing between the parties and the "confidentiality of the information held by [Callaghan], as a certified public accountant for the [Hiltons], [Callaghan's] failure to communicate the tax consequences of such a sale to anyone constitutes a fraud under the terms of OCGA § 23-2-53. . . ." Callaghan filed a motion to dismiss under OCGA § 9-11-9.1, contending the Hiltons failed to file an expert affidavit with the complaint where one was required. The trial court granted the motion, and the Hiltons appeal from that order.

OCGA § 9-11-9.1 (a) provides that "[i]n any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." A complaint filed without such affidavit, "is subject to dismissal for failure to state a claim. . . ." OCGA § 9-11-9.1 (e). "[T]he affidavit requirements of OCGA § 9-11-9.1 are limited to those claims 'for professional *malpractice by negligent act or omission sounding in tort or by breach of contract* for failure to perform professional services in accordance with the professional obligation of care.' [Cit.]" *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66) (1994).

The Hiltons' allegations of breach of contract fall squarely within the rule requiring an expert affidavit. By alleging that Callaghan "failed to provide the necessary and proper tax advice *normally required* by a certified public accountant," the Hiltons are raising an issue as to whether he performed his services in accordance with the professional obligation of care for certified public accountants. Accordingly, an expert affidavit should have been filed with Count 1 of the complaint and it was not error to dismiss it.

However, an expert affidavit was not required under OCGA § 9-11-9.1 to support the Hiltons' claim of fraud. As we stated in *Hodge*, " '[t]hou shalt not defraud,' is a proposition that is understood by even the most uneducated layman. Indeed, what professional could deny its propriety? It follows therefore that no expert testimony is required to establish that it is improper for [certified public accountants] to defraud their clients. It is improper for *any person* to defraud another as that is a standard of society, from which no one is excepted." Id. at 509. Accordingly, the trial court erred in dismissing Count 2 "as it sounded in fraud and required no OCGA § 9-11-9.1 affidavit. . . ." Id.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 24, 1995.

*W. Allen Separk,* for appellants.
*William P. Holley, Jr.,* for appellee.