A97A2312. HOPKINSON v. LABOVITZ et al.
(499 SE2d 338)

McMURRAY, Presiding Judge.

Plaintiff Hopkinson filed this action on October 30, 1996, seeking damages for professional negligence against attorney Labovitz and his law firm, Ellis, Funk, Labovitz, Goldberg, and Dokson, P.C. The original complaint alleges that defendants represented plaintiff in a divorce action and during the course of that representation did negligently fail to obtain accurate financial information related to the income and circumstances of plaintiff's then husband; did either fail to correctly advise, or did affirmatively misrepresent to plaintiff the amounts of income and other financial circumstances of her then husband during the course of settlement negotiations; and did advise, recommend, and put pressure on plaintiff encouraging a settlement that was substantially less than she might otherwise have been entitled to. The original complaint also recited that the statute of limitation would expire within ten days of the date of filing, that plaintiff had not been able to obtain an affidavit in time to be filed with the complaint, and that an affidavit would be filed subsequently as provided in OCGA § 9-11-9.1 (b).

No expert's affidavit was ever filed by plaintiff. A motion for an

extension of time for the filing of the affidavit was denied.

On January 3, 1997, plaintiff filed an amendment to her complaint adding a claim for fraud based on substantially the same facts recited in the original complaint and alleging that defendants had knowingly misrepresented material facts about the financial circumstances of her former husband, and that she had relied upon these misrepresentations to her detriment.

Defendants moved to dismiss plaintiff's complaint, as amended, for failure to state a claim upon which relief may be granted based on plaintiff's failure to file an expert affidavit as required by OCGA § 9-11-9.1. Plaintiff now appeals from the superior court's grant of defendants' motion to dismiss upon which final judgment was entered pursuant to OCGA § 9-11-54 (b). *Held*:

Each of plaintiff's enumerations of error contains a misnomer in that the final judgment appealed from is referred to as a summary judgment. However, plaintiff's misnomer does not require dismissal. "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate. clearly the errors sought to be reviewed." OCGA § 5-6-48 (f). *Sanders v. Looney*, 247 Ga. 379 (1) (276 SE2d 569); *Horton v. Allstate Ins. Co.*, 171 Ga. App. 707 (1) (320 SE2d 761) (overruled on other grounds, *Carter v. Banks*, 254 Ga. 550, 554 (3) (330 SE2d 866)). In the case sub judice, it is clear that plaintiff seeks review of the grant of defendants' motion to dismiss her complaint and amended complaint. Furthermore, plaintiff's third enumeration of error maintains that her pleadings create questions of fact which require a jury trial as to the issue of fraud, breach of contract, negligence and malpractice.

We affirm that portion of the appealed judgment which dismisses with prejudice the claim based on professional negligence stated in the original complaint. In this connection, we note that plaintiff never filed the affidavit required pursuant to OCGA § 9-11-9.1, that plaintiff has not shown "good cause" for an extension of time for the filing of the affidavit under OCGA § 9-11-9.1 (b), and that to whatever extent plaintiff may seek to avoid the affidavit requirement on the basis that the alleged professional negligence is so "clear and palpable" that it may be understood by a jury without expert evidence, this contention must yield to the mandatory direction contained in OCGA § 9-11-9.1. *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51). "We are without authority to say § 9-11-9.1 does not apply and the plaintiff shall *not* be required to file such an expert affidavit,

if negligence is shown to be clear and palpable. If we were to say so, we would be repealing the act by violating its terms." Id. at 138.

However, we reverse that portion of the superior court's judgment which dismisses plaintiff's fraud claim raised in the amendment to her complaint. "The affidavit requirements of OCGA § 9-11-9.1 'are limited to those claims "for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care." *Barr v. Johnson*, [189 Ga. App. 136, 137, supra]. This does not mean, however, that every claim which calls into question the conduct of one who happens to be a lawyer is a professional malpractice claim requiring expert testimony or an OCGA § 9-11-9.1 affidavit. It is only where the claim is based upon the failure of the professional to meet requisite standards of the subject profession that the necessity to establish such standards and the violation thereof by expert testimony for the guidance of the jury arises. *Candler General Hosp. v. McNorrill*, 182 Ga. App. 107 (354 SE2d 872) (1987).' (Emphasis omitted.) *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66)." *Peacock v. Beall*, 223 Ga. App. 465 (477 SE2d 883).

The amended complaint in the case sub judice stating plaintiff's fraud claim does not appear to call into question professional standards of care applicable to attorneys. Instead, the fraud claim appears to be predicated on misrepresentations which would not be misunderstood by even the most uneducated layman and are actionable against any person. *Hilton v. Callaghan*, 216 Ga. App. 145, 146 (453 SE2d 509). "The reason expert testimony is required in professional malpractice cases is that 'the court and the jury must have a *standard* measure which they are to use in measuring the acts of the (professional) in determining whether he exercised a reasonable degree of care and skill (in carrying out his professional duties). . . . The proper standard of measurement is to be established by testimony of (professionals); for *it is a (professional) question.' Pilgrim v. Landham*, 63 Ga. App. 451, 455 (11 SE2d 420) (1940). Where the claim does not bring into issue a professional question, there is no need as to that claim, to establish professional standards. 'Thou shalt not defraud,' is a proposition that is understood by even the most uneducated layman. Indeed, what professional could deny its propriety? It follows therefore that no expert testimony is required to establish that it is improper for attorneys to defraud their clients. It is improper for *any person* to defraud another as that is a standard of society, from which no one is excepted." (Emphasis in original.) *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508-509, supra. Therefore, the fraud claim did not require an OCGA § 9-11-9.1 affidavit and the dismissal of this claim was error.

*Judgment affirmed in part and reversed in part. Smith, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I write with respect to the "clear and palpable" cases exception to the rule that "expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. [Cits.]" *Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107) (1978).

I agree with the majority and with the opinion in *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51) (1988), that OCGA § 9-11-9.1 requires an affidavit of an expert in every case alleging professional malpractice. The statute pointedly states that "[i]n any" such action, the plaintiff "shall be required" to file an affidavit of an expert as a part of the complaint. No exceptions are provided for. Thus, even when the malpractice is clear and palpable, the testimony via affidavit of an expert competent to testify is necessary with the pleading commencing the action, to show that the defendant's act or failure to act constituted a significant deviation from acceptable professional conduct.

The "clear and palpable" exception is a rule of evidence, applicable to consideration of summary judgment motions or trial, not a rule of pleading. *Hughes*, in which the grant of summary judgment was affirmed, illustrates the point by focusing on the expert evidence of record because it was not a "clear and palpable" case. Since an expert affidavit must be filed even in a case where the jury does not need the opinion of an expert to inform it whether the defendant's act or omission constituted negligence, there is an anomaly in the "clear and palpable" cases. With the pleading commencing the proceeding there must be an affidavit of an expert whose opinion it is that the act or failure to act constitutes negligence, but at trial or in the summary judgment stage negligence may be proved without expert testimony.

It would appear illogical to require a higher degree of proof at the time of commencement of the suit than when it is tried, but either that is the law or the advent of OCGA § 9-11-9.1 eliminated the judicially-created rule that in cases of clear and palpable negligent act or omission, expert opinion evidence is not necessary. Yet, for good reason, we continue to apply it or at least acknowledge its efficacy. See, e.g., *Graves v. Jones*, 184 Ga. App. 128, 129 (1) (361 SE2d 19) (1987) (summary judgment; "clear and palpable" exception acknowledged but not applicable to circumstances); *General Hospitals of Humana v. Bentley*, 184 Ga. App. 489, 490 (361 SE2d 718) (1987) (circumstances shown on summary judgment required expert affidavit because alleged professional negligence not "clear and pal-

pable"); *Elwell v. Cutler*, 185 Ga. App. 423, 425 (364 SE2d 81) (1987) (expert testimony not needed to counter motion for summary judgment where professional negligence was clear and palpable); *Khoury Constr. Co. v. Earhart*, 191 Ga. App. 562, 563 (2) (382 SE2d 392) (1989) (expert opinion unnecessary at trial because defect "clear and palpable"); *Hailey v. Blalock*, 209 Ga. App. 345, 348 (3) (433 SE2d 337) (1993) (summary judgment required because physician's failure was not a "gross error of judgment" or "clear and palpable negligence" so as to survive motion when plaintiff's counter-affidavit was insufficient to create issue of fact); *Pope v. Dept. of Human Resources*, 209 Ga. App. 835, 839 (2) (434 SE2d 731) ("Expert testimony is also not required in extreme cases where the error of judgment is gross, and negligence is clear and palpable. [Cit.]"); *Bilt Rite of Augusta v. Gardner*, 221 Ga. App. 817 (472 SE2d 709) (1996) (summary judgment denied because professional negligence was clear and palpable: "[E]ven in professional negligence cases, evidence of negligence in some cases may be so 'clear and palpable' that it may be understood by a jury without expert evidence as to a professional standard of care. [Cits.]"). All of these cases were decided after the effective date of OCGA § 9-11-9.1 (Ga. L. 1987, p. 887, effective July 1, 1987).

Inasmuch as this case involves the sufficiency of the pleading and not the proof in a summary judgment or trial context, the latter conundrum need not be addressed. Whether the "clear and palpable" exception must be abandoned is not reached, as the complaint alleging malpractice lacked the expert affidavit required by the legislature in all malpractice cases.

DECIDED FEBRUARY 6, 1998 —
RECONSIDERATION DENIED MARCH 25, 1998

Helen C. Hopkinson, *pro se.*
*Troutman Sanders, Daniel S. Reinhardt, Lisa L. Spooner, Carmie L. McCurry*, for appellees.